UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA
Lynchburg Division

| | |
|---|---|
| In re R.J. REYNOLDS - PATRICK COUNTY MEMORIAL HOSPITAL, INC., <br><br>Debtor, | Case No.: 03-01297 |
| NATIONAL EMERGENCY SERVICES, <br><br>Plaintiff, <br><br>v. <br><br>BUDDY E. WILLIAMS, <br><br>Defendant, | Adv. No. 06-06082A |

**MEMORANDUM AND ORDER
DISMISSING ADVERSARY PROCEEDING**

This matter comes before the court on a motion to dismiss this adversary proceeding by Buddy E. Williams ("the Defendant") under Fed R. Civ. Pro. 12(b)(6) as made applicable by Fed. R. Bankr. P. 7012. This court has jurisdiction over this matter. 28 U.S.C. § 1334(a) & 157(a). This is a core proceeding. 28 U.S.C. § 157(b)(2)(K). Accordingly, this court may enter a final order.

On March 27, 2003, the debtor filed the above-styled chapter 11 petition initiating the

bankruptcy case ("the Parent Case") that is parent to this adversary proceeding. On October 29, 2006, National Emergency Services, Inc., ("the Plaintiff") filed an adversary complaint seeking to equitably subordinate the claim of the Defendant under 11 U.S.C. § 510(c).

On March 17, 2006, the United States trustee filed a motion to dismiss the Parent Case. On September 18, 2006, the Debtor filed an opposition to the motion to dismiss based on the fact (1) that certain fee requests remained pending and (2) that there remained a small number of issues that needed to be resolved before board of trustees of the Debtor could ascertain whether voluntary dismissal was appropriate. A hearing was held on November 29, 2006, at which the Debtor and the United States trustee agreed that the case could be dismissed upon the resolution of the compensation requests.

Also on November 29, 2006, the Defendant's motion to dismiss this adversary complaint was heard. The motion to dismiss the Parent Case was continued to December 20, 2006. At that hearing the United States trustee appeared and represented that the compensation requests had been resolved and that United States trustee and the Debtor were in agreement that the case should be dismissed. The only reason that the Parent Case may not be dismissed is that there is pending this adversary proceeding. Upon its resolution, the Parent Case will be dismissed.

Section 510(c) provides that "the court may - under principles of equitable subordination, subordinate *for purposes of distribution* all or part of allowed claim to all or part of another allowed claim or all or part of an allowed interest to all or part of another allowed interest . . . " (Emphasis added.) The only purpose of subordination is to provide for the realignment of the priority of claims for the purpose of distributing assets of the bankruptcy estate. Because the Parent Case will be dismissed upon the resolution of this adversary proceeding, the Plaintiff will obtain no relief even if it prevails to the fullest extent of its prayer for relief. The Plaintiff has failed to state a claim upon

which relief may be granted. Accordingly it is proper to dismiss this adversary proceeding.

## ORDER

For the reasons stated, the motion of the Defendant to dismiss the above-styled adversary proceeding shall be and hereby is granted.

So ORDERED

Upon entry of this Order, the Clerk shall forward copies to Paul J. Feinman, Esq., counsel for the Defendant, and Howard J. Beck, Jr., Esq., counsel for the Plaintiff.

Entered on this 16th day of January, 2007.

William E. Anderson
United States Bankruptcy Judge